# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-243-RJC-DCK

JACKIE LUCINDA DAMON,

    Plaintiff,

v.                                                              **PROTECTIVE ORDER**

J.B. HUNT TRANSPORT, INC.,

    Defendant.

By agreement of the parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in order to preserve and maintain the confidentiality of certain documents to be produced by the parties during discovery in the above captioned matter, **IT IS HEREBY ORDERED:**

    1.    The documents and information covered by this Order shall be comprised of all documents, information, compilations of information, and computer files, in any format whatsoever, produced by the parties to one another during discovery in this litigation that are designated as "Confidential." Such documents and information covered by this Order and defined as "Confidential" shall include, but shall not be limited to:

    (a)    Personnel files and other documents relating to individuals not party to this lawsuit which contain or constitute evaluations of employees' performance, disciplinary information, family information, and personal financial information;

    (b)    Documents containing other personally identifying information relating to individuals not party to this lawsuit which may create a reasonable risk of identity theft or invasion of privacy if publicly disclosed;

    (c)    Plaintiff's or Defendant's financial or proprietary business information which is not publicly known or readily ascertainable by the public through proper means;

    (d)    Plaintiff's medical, tax, financial, and/or documents of a private nature which

is not publicly known or readily ascertainable by the public through proper means;

(e) Information or documents pertaining to a party's physical or mental health; and

(f) Trade secret information as defined under state or federal law, and pricing, budget, design, licensing, or other competitive information not otherwise publicly available.

2. The parties have represented, and the Court finds, that entry of a protective order pursuant to Fed. R. Civ. P. 26(c) is appropriate and necessary to protect the legitimate interests of the parties and individuals not party to this litigation by restricting disclosure and use of information produced in the course of discovery in this action.

3. The parties may designate documents described in Paragraph 1 as Confidential by stamping the words "Confidential" on the face of the document. Documents mistakenly produced or disclosed by a party without a "Confidential" designation may be subsequently designated by the producing party as Confidential by giving the other parties written notice that such information should be so designated. Any good faith disclosure of such materials by a party prior to receipt of notice of the designation as Confidential shall not constitute a violation of this Order.

4. Any disclosure of Confidential documents or any of the information contained in such documents shall be governed by the provisions of this Order as follows:

(a) In connection with this Order, "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate information.

(b) Counsel for either party may copy and retain Confidential documents solely for purposes of this action, and will not disclose any Confidential documents or their contents to any other person or entity, except as follows:

(1) to Plaintiff, or to officers, agents or employees of Defendant, but only to the extent necessary for their attorneys to advise and consult with them for purposes of this action.

(2) to attorneys and support staff assisting counsel of record in their representation of the parties in this matter;

(3) to witnesses identified by the parties in the case;

(4) to expert witness(es) and/or consultants employed by the parties, but only to the extent necessary to prepare and render an opinion in this action; and

(5) to the Court (or its employees or agents), court reporters transcribing any proceedings in this matter, and the trier of fact pursuant to a court filing in connection with this action, provided that if a party intends to include a document designated as Confidential by the other party in a court filing in connection with this action, the party's counsel shall either obtain approval from the opposing party's counsel to file the designated documents with or without appropriate redactions, or otherwise file a motion for leave to file the document under seal.

(c) All disclosures authorized in this Paragraph No. 4 shall be solely for the use and purposes of this action, and the persons to whom disclosure is authorized shall be instructed of the contents of this Protective Order and shall not disclose Confidential documents or the information contained in such documents, directly or indirectly or in any manner whatsoever, to any other person or entity not within the scope of such authorization. Any such person (other than persons called to testify at any deposition or hearing who are not employees or agents of any of the parties or their counsel, court reporters, and Court personnel) shall agree to be bound by this Order by signing a copy of the Acknowledgment Form attached hereto as Appendix A.

5. If a party objects to the designation of any documents or information as Confidential and/or wishes to disclose such documents or information beyond the terms of this Order, that party ("the objecting party") shall provide the other party with written notice of its objection specifically identifying the information to be disclosed and the identity of the person(s) to whom the party seeks to disclose the information. The parties will confer in good faith in an effort to resolve any disagreement as to the designation of material as Confidential information. If the parties are unable to reach agreement, any party may petition the Court

for appropriate relief. Unless otherwise agreed or ordered by the Court, all Confidential information so designated by any party shall be subject to the restrictions of this Order.

6. The parties will confer prior to trial of this matter with respect to a protective order concerning Confidential documents which a party may seek to be introduced at trial.

7. Nothing in the order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

8. Nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients in this litigation, conduct discovery, prepare for trial, present proof at trial, or oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents, or questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party of any legally cognizable privilege to withhold any information or any right which any party may have to assert such privilege at any stage of this litigation.

9. Protected materials may not be filed in Court, whether separately or with or as part of pleadings or other court papers, except under seal. Any party wishing to make such a filing must first present a motion regarding the specific documents sought to be filed under seal to the Court for its approval. Approval of such a motion will be greatly expedited if it is presented with the consent of all parties. Upon approval by the Court, the protected materials shall be filed in a sealed envelope, or other appropriate container, on which shall be endorsed the

caption of this lawsuit, the title of the court paper or a brief description of the enclosed materials, the legend "Confidential - Subject to Court Order," and a statement to the following effect:

> This envelope [or other container] contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to, anyone other than authorized Court personnel, except upon order of the Court.

10. Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Protective Order will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or

document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

11. The ultimate disposition of confidential documents produced by the parties in this case is subject to a final order of the Court upon the completion of litigation.

**SO ORDERED**.

Signed: November 12, 2015

David C. Keesler
United States Magistrate Judge

**APPENDIX A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **JACKIE LUCINDA DAMON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**J.B. HUNT TRANSPORT, INC.,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO.**<br><br>**3:15-CV-00243-RJC-DCK** |

## ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have read the Protective Order entered on _____, in connection with the above-styled case, and that I am familiar with its terms.

The undersigned further acknowledges an understanding of the provisions of the Protective Order, agrees to be bound by those provisions, and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of being held in contempt.

DATED: _____

BY: _____